HON. DAVID N. COHEN City Attorney, Geneva
By a letter dated April 8, 1977, this office sent to you an informal opinion dealing with the question of whether a conflict of interest would exist for the City Personnel Officer of the City of Geneva to also serve as the Affirmative Action Program administrator for the City. We now believe that a statutory provision pertinent to that inquiry was not mentioned in the opinion, and we are therefore superseding that opinion with the following opinion, which is to be considered an informal opinion of the Attorney General.
From your original letter and a subsequent telephone conversation with you, we understand that the position of City Personnel Officer in Geneva is a part-time, salaried office. The Affirmative Action Program Administrator is a newly-created city position, also salaried, which involves developing and implementing programs to promote the employment of minorities and other disadvantaged people.
A personnel officer of a city administers the provisions of the Civil Service Law with respect to the offices and employments in the classified service of the city (Civil Service Law, § 17[2]). A personnel officer has all the powers and duties of a municipal civil service commission (Civil Service Law, §§ 2[4] and 15[1][b]).
Section 27 of the Civil Service Law provides as follows:
 "§ 27. Prohibition against certain public employment and political activities
 "1. A member of a municipal civil service commission or personnel officer, appointed on or after the effective date of this act, shall not hold any other public office or employment under the political subdivisions or subdivision over which such commission or personnel officer exercises jurisdiction, for which he shall receive compensation other than necessary travel and other expenses incurred in the performance of the duties of such office or employment.
 "2. A member of a municipal civil service commission or personnel officer shall not serve as an officer of any political party."
Since the City Personnel Officer in Geneva has jurisdiction over employments within the City, and the Affirmative Action Program Administrator is a salaried City officer, the dual employment falls within the prohibition contained in section 27, although we feel the positions should be compatible.
Our former opinion is therefore withdrawn, and it is our opinion that the City Personnel Officer of the City of Geneva is prohibited, under section27 of the Civil Service Law, from also holding the salaried office of Affirmative Action Program Administrator of the City of Geneva.